CAVANAGH, J.
(concurring in part and dissenting in part). I believe that the Civil Rights Act (CRA), MCL 37.2101 et seq., does not provide for individual liability against an agent of an employer; therefore, I respectfully dissent from the majority on this issue. I also dissent from the majority on the issue of notice. As discussed by Justice WEAVER in her partial dissent, I likewise believe that plaintiff provided evidence of notice to defendant Ford Motor Company (Ford) that was sufficient to allow the issue to be decided by a jury. Finally, I concur with the result reached by the majority regarding the trial court’s decision to grant defendants’ motion in limine to preclude evidence of Ford’s knowledge of the alleged sexual harasser’s expunged indecent exposure conviction.
*432 I. INDIVIDUAL LIABILITY UNDER THE CIVIL RIGHTS ACT
This issue involves the proper interpretation of the CRA. The primary goal of statutory interpretation is to give effect to the intent of the Legislature. In re MCI Telecom Complaint, 460 Mich 396, 411; 596 NW2d 164 (1999). The first step is to review the language of the statute. If the statutory language is unambiguous, the Legislature is presumed to have intended the meaning expressed in the statute and judicial construction is not permissible.
MCL 37.2201(a) states the following: “ ‘Employer’ means a person who has 1 or more employees, and includes an agent of that person.” According to the statute, “that person” refers to the employer.[1] Simply, the statute means that an employer is a person who has one or more employees and this includes an agent of the employer. This means that an employer still falls within the purview of the statute even if its “employees” are mere agents, such as family members who are helping with the business. To determine employer liability, agents are considered employees. Thus, an employer cannot escape liability because the alleged sexual harasser is not officially an employee, but is instead, for example, a family member who is “helping out” with the business. If the sexual harasser is an employee or agent of the employer, the employer is liable if it had notice and failed to act reasonably. See Radtke v Everett, 442 Mich 368, 396; 501 NW2d 155 (1993).
*433 According to the unambiguous language selected by the Legislature, the plain text of the statute provides for employer liability for the' acts of its employees and agents, but it does not provide for individual liability. Because policy considerations cannot be taken into account in this case, I offer no position on whether it would be best for plaintiffs in sexual harassment cases to also hold an alleged sexual harasser individually liable under the CRA. That decision is solely for the Legislature to determine.
II. NOTICE TO FORD OF SEXUAL HARASSMENT
I concur with part II of Justice Weaver’s partial dissent. I believe Justice WEAVER outlines sufficient evidence to support plaintiffs claim that Ford had notice of plaintiffs allegations of sexual harassment. While plaintiff requested confidentiality from two supervisors whom she told about the alleged sexual harassment, it is critical to note that the supervisor of labor relations had notice of plaintiffs allegations of sexual harassment from one of plaintiffs coworkers and from the alleged sexual harasser himself. In addition to the other facts presented by plaintiff, because the supervisor of labor relations had notice of plaintiffs allegations of sexual harassment, I believe that this issue should be determined by a jury.
III. EXCLUDING EVIDENCE OF THE ALLEGED SEXUAL HARASSER’S EXPUNGED CONVICTION FOR INDECENT EXPOSURE
I concur with the result reached by the majority that the trial court did not abuse its discretion when it granted defendants’ motion in limine to preclude evidence of Ford’s knowledge of the alleged sexual harasser’s expunged indecent exposure conviction. I also concur with the majority’s conclusion that, in this case, the *434 facts that led to the conviction were not sufficient to put Ford on notice of sexual harassment. However, I note that there certainly may be instances where the facts of a conviction, even one that occurs off-site and involves nonemployees, may lead to notice because of the context in which the incident occurred and the totality of the circumstances.
IV CONCLUSION
Because the CRA does not provide for individual liability against an agent of an employer, I respectfully dissent from the majority on this issue. I also dissent from the majority on the issue of notice and, accordingly, I concur with Justice WEAVER because I believe that plaintiff provided evidence of notice to Ford that was sufficient to allow the issue to be decided by a jury. Finally, I concur with the result reached by the majority regarding the trial court’s decision to grant defendants’ motion in limine to preclude evidence of Ford’s knowledge of the alleged sexual harasser’s expunged indecent exposure conviction.
Kelly, J., concurred with Cavanagh, J.

 MCL 37.2103(g) states the following:
“Person” means an individual, agent, association, corporation, joint apprenticeship committee, joint stock company, labor organization, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, unincorporated organization, the state or a political subdivision of the state or an agency of the state, or any other legal or commercial entity.